# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| EUGENE KENNETH JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12CV70 LMB |
| | ) | |
| PAULA HUFFAN-PHILLIPS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Eugene Jones (registration no. 180162), an inmate at Southeast Correctional Center ("SECC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay any amount of the filing fee. Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued on the complaint.

## 28 U.S.C. § 1915

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is normally required to pay the full amount of the filing fee. However, § 1915(b)(4) states, "In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." A review of plaintiff's prison trust fund account shows that

plaintiff has no ability to pay an initial partial filing fee. Whenever plaintiff's state tip of $7.50 per month is deposited into his account, the money is immediately removed from the account to pay for plaintiff's state habeas filing fees. As a result, the Court will waive the filing fee in this action.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against several officials at SECC. Plaintiff alleges that he is being denied basic hygiene items such as a toothbrush and toothpaste because all of his money is removed from his account as

soon as it is deposited.  Plaintiff says that defendants will not provide him with such items, and he claims they are forcing him to choose between having hygiene items and pursuing his claims in state court.  Plaintiff alleges he has suffered negative health consequences as a result.  Plaintiff also claims he is being denied legal supplies, and he says that he suffered an actual injury to a legal claim.

## Discussion

It is well established that inmates are entitled to basic hygiene items and that policies forcing prisoners to choose between pursuing their legal rights and having hygienic products violate the Eighth Amendment.  E.g., Keenan v. Hall, 83 F.3d 1083 (9th Cir. 1996), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998) (material issue of fact precluded summary judgment where inmate alleged that prison officials violated Eighth Amendment by failing to provide inmate with basic hygiene products, forcing inmate to choose between legal supplies and hygiene products); Whitington v. Ortiz, 307 Fed. Appx. 179 (10th Cir. 2009) (prison policy that inmates must buy hygiene products, and that they are not able to afford both hygiene products and constitutionally protected litigation, violated Eighth Amendment).  Additionally, plaintiff's claim for denial of access to the courts states a claim upon which relief can be granted.  As a result, the Court will order the Clerk to issue process on the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, in addition to responding to the complaint, defendants shall also respond to plaintiff's motion for injunction.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

Dated this   8th   day of June, 2012.

/s/ Lewis M. Blanton

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE