# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EUGENE KENNETH JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:12CV70 LMB |
| ) | |
| PAULA HUFFMAN-PHILLIPS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for injunctive relief. The motion will be denied without prejudice.

In his motion, plaintiff requests that the Court enjoin the defendants from denying him basic hygiene items, legal supplies, and legal research materials. Plaintiff also seeks an order from the Court prohibiting defendants from requiring him to show them a court deadline or qualified legal claim before he can receive certified inmate account statements or additional time in the law library. These allegations comport with the allegations in the complaint. However, in the complaint, plaintiff alleges that he was hampered with prosecuting a pending lawsuit in the Western District of Missouri. In his motion for prospective relief, plaintiff does not allege that he continues to be prevented from fully pursuing any civil litigation.

Defendants reply that the motion should be denied. Defendants argue that plaintiff has failed to show that he is suffering an actual legal injury as a result of being allegedly denied legal materials or library time. Defendants further maintain that they have no authority to alter the Department of Corrections policies as plaintiff is requesting. Defendants assert that plaintiff not been denied basic hygiene items; defendants claim that plaintiff refuses to pick up care packages that are available to him once a week. In support of this claim, defendants have included the affidavit of Susan Price, a Case Manager, who attests to these facts.

To determine whether preliminary injunctive relief is warranted, the Court must balance the threat of irreparable harm to movant, the potential harm to the nonmoving party should an injunction issue, the likelihood of success on the merits, and the public interest. Dataphase Sys. v. CL Sys., 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc). "A preliminary injunction is an extraordinary remedy, and the burden of establishing the propriety of an injunction is on the movant." Watkins, Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003) (citations omitted). "The party seeking injunctive relief bears the burden of proving all the Dataphase factors." Id.

The Court does not believe that plaintiff has demonstrated that he is subject to irreparable harm. Plaintiff has timely responded to the issues in this case. And plaintiff has not shown that the requirement that he be required to demonstrate a

qualified legal claim is an impediment to pursuing his litigation. Plaintiff ought to be able to demonstrate this to prison officials by showing them the docket sheet for this case or for his other pending cases. Regarding plaintiff's access to basic hygiene items, plaintiff has not provided the Court with facts demonstrating that the attestations of Susan Price are untrue. Moreover, the Court does not lightly intrude on the state's administration of its prisons or setting prison policies. Granting plaintiff's requested relief, without more, would harm defendants' ability to continue carrying out their day-to-day responsibilities in running the prison. As a result, the Court finds that injunctive relief is not warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for injunctive relief [Doc. 6] is **DENIED** without prejudice.

Dated this 1st day of October, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE