UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| EUGENE KENNETH JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:12 CV 70 LMB |
| ) | |
| PAULA HUFFMAN-PHILLIPS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff has filed this action under 42 U.S.C. § 1983 against several officials at Southeast Correctional Center ("SECC"), alleging that his constitutional rights were violated when defendants denied him hygiene items and legal supplies. Plaintiff also alleges a retaliation claim. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties. See 28 U.S.C. § 636(c).

This matter is before the court on the separate motions to reconsider filed by plaintiff and defendants (Docs. No. 133, 135, 136).

**Background**

At the time of the allegations, plaintiff was incarcerated at SECC. Plaintiff alleges that he was denied basic hygiene items such as a toothbrush and toothpaste because all of his money was removed from his account as soon as it was deposited to pay State court filing fees. Plaintiff claims that defendants would not provide him with such items, and they forced him to choose between having hygiene items and pursuing his claims in State court. Plaintiff alleges he has suffered negative health consequences as a result. Plaintiff further alleges that Defendant

- 1 -

Huffman-Phillips has retaliated against him due to his complaints regarding hygiene items. Plaintiff also claims he is being denied legal supplies.

Plaintiff filed a Motion for Summary Judgment. (Doc. No. 71). Defendants Paula Huffman-Phillips, Angela Riddell, Regina Beggs, Cheryl Thompson, Jackie Cooper, Johnny Williams, Penny Milburn, Omer Clark, Jeffrey Norman, Ian Wallace, Dwayne Kempker, Mariann Atwell, and Richard Murray ("MDOC Defendants"); and Defendants Ruth Taylor and Rick Jones, DDS ("Medical Defendants") each filed separate motions for summary judgment. (Docs. No. 90, 93).

On September 30, 2013, the court denied plaintiff's Motion for Summary Judgment, and denied the Medical Defendants' Motion for Summary Judgment. The undersigned granted the MDOC Defendants' Motion for Summary Judgment in part and denied it in part. The court entered summary judgment in favor of MDOC Defendants Jeff Norman and Ian Wallace on plaintiff's Eighth Amendment claims, and in favor of the MDOC Defendants on plaintiff's First Amendment retaliation claim and plaintiff's First Amendment access to the courts claim. (Doc. No. 131).

On October 9, 2013, plaintiff filed a Motion to Alter or Amend Judgment pursuant to Rule 59(e), in which he requests that the court amend the judgment entered in favor of defendants on plaintiff's First Amendment retaliation claim and plaintiff's First Amendment access to the courts claim. (Doc. No. 133). On October 10, 2013, the Medical Defendants filed a Motion for Reconsideration pursuant to Rule 59(e), in which they request that the court reconsider its ruling on the Medical Defendants' Motion for Summary Judgment. (Doc. No. 135). On the same date, the MDOC Defendants filed a Motion to Join the Medical Defendants' Motion to Reconsider.

(Doc. No. 136).

## Discussion

A district court has broad discretion in determining whether to grant a motion to alter or amend judgment. Fed.R.Civ.P. 59(e). See United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006). Rule 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Metro. St. Louis Sewer Dist., 440 F.3d at 933 (internal quotes omitted). The purpose of Rule 59 is to allow the district court "the power to rectify its own mistakes in the period immediately following the entry of judgment." Norman v. Arkansas Dep't of Educ., 79 F.3d 748, 750 (8th Cir. 1996) (quoting White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 450 (1982)). A Rule 59(e) motion to alter or amend the judgment must show: "1) an intervening change in controlling law; 2) the availability of new evidence not available previously; or 3) the need to correct a clear error of law or prevent manifest injustice." Bannister v. Armontrout, 807 F. Supp. 516, 556 (W.D. Mo. 1991), aff'd, 4 F.3d 1434 (8th Cir. 1993).

Importantly, a motion to reconsider "cannot be used to raise arguments which could, and should, have been made before the trial court entered final judgment." Garner v. Arvin Indus. Inc., 77 F.3d 255, 258 (8th Cir. 1996). See Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988) (stating that a Rule 59(e) motion should not "serve as the occasion to tender new legal theories for the first time") (internal quotes omitted); Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (Rule 59(e) "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment").

**I.      Plaintiff's Motion for Reconsideration**

Plaintiff requests that the court amend its judgments entered in favor of defendants on plaintiff's First Amendment retaliation claim and First Amendment access to the courts claim.

**A.      Retaliation**

Plaintiff claims that the court applied an improper "heightened burden of proof," with regard to the second element of his retaliation claim in citing Beaulieu v. Ludeman, 690 F.3d 1017, 1025 (8th Cir. 2012).

In its Memorandum and Order, the court stated as follows:

> To establish a § 1983 claim for retaliation in violation of the First Amendment, a plaintiff must allege: (1) that he engaged in a protected activity, (2) that the defendants responded with adverse action that would "chill a person of ordinary firmness" from continuing in the activity, and (3) that "the adverse action was motivated at least in part by the exercise of the protected activity." Beaulieu v. Ludeman, 690 F.3d 1017, 1025 (8th Cir. 2012).

(Doc. No. 130, p. 21).

Plaintiff contends that the second element noted in Beaulieu, the requirement that plaintiff show defendants responded with adverse action that would "chill a person of ordinary firmness" from continuing in the activity, is an improper heightened standard. Plaintiff's argument lacks merit. The decision cited by the court is recent Eight Circuit authority and does not require a heightened burden of proof. See also L.L. Nelson Enters., Inc. v. Cnty. of St. Louis, Mo., 673 F.3d 799, 807-08 (8th Cir. 2012); Revels v. Vincenz, 382 F.3d 870, 874 (8th Cir. 2004) (citing same standard set out in Beaulieu).

Plaintiff also argues, as he did in his Motion for Summary Judgment, that genuine issues of fact exist regarding his retaliation claim because Defendant Huffman-Phillips placed him in a non-paying job for ninety days at a time when he was complaining about not receiving hygiene items.

The court found that Defendant Huffman-Phillips' act of assigning plaintiff a job cannot be considered adverse action to support a retaliation claim. (Doc. No. 130, p. 22). The undersigned noted that, while the initial position plaintiff was assigned was unpaid for ninety days, Defendant Huffman-Phillips indicated that plaintiff could work his way into a paid position and that she would assist him in doing so. (Id.). Plaintiff does not dispute that it was the role of Defendant Huffman-Phillips as a Functional Unit Manager to ensure plaintiff was working towards rehabilitation. Plaintiff has failed to set forth grounds to alter the court's prior determination granting the MDOC Defendants' Motion for Summary Judgment on his retaliation claim.

**B.     Access to the Courts**

Plaintiff argues that the court erred in granting the MDOC Defendants' Motion for Summary Judgment on his access to the courts claim because defendants failed to provide any legal supplies or legal assistance to plaintiff. Plaintiff states that he obtained legal supplies and assistance from someone else.

The court held that plaintiff failed to demonstrate he was prejudiced due to a lack of access to the courts, as plaintiff was not hindered in his ability to file and prosecute the instant action, as well as other actions. To state a claim for denial of meaningful access to the courts, inmates must assert that they suffered an actual injury to pending or contemplated legal claims. Lewis v. Casey, 518 U.S. 343, 351 (1996); Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff does not argue that he suffered any injury due to defendants' alleged failure to provide legal supplies or legal assistance. Thus, plaintiff has failed to demonstrate a basis to reconsider the court's decision granting the MDOC's Motion for Summary Judgment as to plaintiff's access to the court's claim.

Accordingly, plaintiff's Motion to Alter or Amend Judgment pursuant to Rule 59(e) will be denied.

**II.     Defendants' Motion for Reconsideration**

The Medical Defendants filed a Motion for Reconsideration, in which they request that the court reverse its prior decision and grant summary judgment in the Medical Defendants' favor on all claims raised by plaintiff in his Amended Complaint.  The Medical Defendants contend that the court erred in the following respects: (1) the court erred in its legal analysis regarding the objectively serious harm component of plaintiff's Eighth Amendment deliberate indifference claim; (2) the court made a mistake of fact in concluding that the Medical Defendants had discretion to provide dental hygiene items.

As previously noted, the remaining MDOC Defendants filed a Motion to Join the Medical Defendants' Motion to Reconsider, in which they request that the court reverse its Memorandum and Order and grant the MDOC Defendants' Motion for Summary Judgment in its entirety.  The court will grant the MDOC Defendants' motion to join, and will discuss the claims raised in defendants' joint motion in turn.

**A.     Objectively Serious Harm**

Defendants argue that plaintiff failed to meet his burden that he suffered objectively serious medical needs as a result of defendants' failure to provide hygiene items.  Defendants first argue that the court erred in denying summary judgment while concluding there was no evidence linking plaintiff's dental problems to the failure to receive hygiene products from defendants.  Defendants cite the following statement in the undersigned's Memorandum and Order:  "While there is no evidence directly linking plaintiff's dental problems to the MDOC Defendants' failure

to provide hygiene items, plaintiff has presented sufficient evidence to create a genuine issue of fact regarding whether plaintiff suffered injuries as a result of his allegations." (Doc. No. 130, p. 14). Defendants contend that the court improperly shifted the burden to defendants to demonstrate that plaintiff did not suffer serious medical needs because of the denied hygiene items.

Causation is generally a question of fact. Schaub v. VonWald, 638 F.3d 905, 921 (8th Cir. 2011). In certain cases involving sophisticated medical conditions, expert testimony may be required to prove causation. See, e.g. Alberson v. Norris, 458 F.3d 762, 765-66 (8th Cir. 2006) (expert medical testimony required where inmate's cause of death was pulmonary hemorrhage and renal failure resulting from Goodpasture Syndrome, a rare autoimmune disease difficult to diagnose because its symptoms present a "confusing clinical picture"); Robinson v. Hager, 292 F.3d 560, 564 (8th Cir. 2002) (expert testimony required to show failure to administer hypertension medication caused inmate's stroke); cf. Schaub, 638 F.3d at 921-22 (expert testimony regarding causation unnecessary where defendant's deliberate indifference "clearly exacerbated [plaintiff]'s wounds").

The undersigned acknowledged that there was no evidence, such as medical expert testimony, *directly* linking plaintiff's dental problems to the MDOC Defendants' failure to provide hygiene items. The instant case does not, however, involve a sophisticated injury that would require expert testimony on the issue of causation. Rather, a layperson could reasonably find that defendants' failure to provide dental hygiene items for a prolonged period resulted in plaintiff's poor dental hygiene, tender and bleeding gums, and calcium buildup. For this reason, the court found that plaintiff presented sufficient evidence to create a genuine issue of fact regarding

whether plaintiff suffered injuries as a result of his allegations. In so finding, the court did not improperly shift the burden to defendants to demonstrate that plaintiff did not suffer serious medical needs because of the denied hygiene items.

Defendants also contend that the court's reliance on Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996), an access to the courts case, is misplaced. Specifically, defendants state that although Myers held that "a long-term, repeated deprivation of adequate hygiene supplies violates inmates' Eighth Amendment rights," prisons have the right to decide whether they "regularly provide these supplies to inmates free of charge, or they may give inmates a sufficient allowance with which to buy them." (Doc. No. 135, p. 6) (citing Myers, 101 F.3d at 544). Defendants note that the Court concluded in Myers that the plaintiff's allegations that he was forced to miss court deadlines and to dismiss his cases because he did not have enough money to fund his lawsuit and obtain hygiene products from the canteen raised material factual issues of an actual injury. (Id.).

While defendants correctly note that Myers involved an access to the courts claim, this is a distinction without a difference. As defendants acknowledge, Myers clearly stated that "a long-term, repeated deprivation of adequate hygiene supplies violates inmates' Eighth Amendment rights." 101 F.3d at 544 (citing Howard v. Adkison, 887 F.2d 134, 137 (8th Cir. 1989)). The Myers Court found that the plaintiff's allegations that the amounts left over from his allowance after purchasing personal necessities caused actual injury in that he was forced to miss court deadlines and to dismiss cases were sufficient to raise material factual issues.

In this case, it is undisputed that plaintiff had no balance in his account due to the automatic withdrawal of various court filing fees for a six-month period and that the MDOC did not provide him with free hygiene items during this period. The fact that the monthly allowance

of the plaintiff in Myers was spent on the purchase of hygiene items, whereas the allowance of the plaintiff in the instant case was spent on automatic filing fees does not relieve the MDOC defendants of their constitutional obligations as set forth in Myers. The MDOC did not provide hygiene supplies to plaintiff free of charge nor did plaintiff have a sufficient allowance with which to buy them after filing fees were automatically deducted from his account. Consequently, the court did not err in citing Myers for the proposition that a long-term, repeated deprivation of adequate hygiene supplies violates inmates' Eighth Amendment rights. Indeed, another court from this district recently relied on Myers for the same proposition in a case involving the same plaintiff and nearly identical issues. See Jones v. Johnson, 4:09CV118HEA, 2014 WL 50853, * 3 (E.D. Mo. Jan. 7, 2014).

Defendants contend that the Myers decision is distinguishable from the instant case because, unlike Plaintiff Myers, plaintiff has presented no evidence that he suffered an objective risk of harm that caused actual injury from being denied hygiene items from defendants. Defendants argue that, although plaintiff claimed that, as a result of the denial of hygiene items, he suffered injuries including toothaches, sore gums, and bleeding gums, he failed to present any evidence connecting these problems to the denied hygiene items. As previously discussed, however, the court finds that medical expert testimony is not required to raise a genuine issue regarding whether plaintiff's medical problems were caused by defendants denial of hygiene items.

Defendants finally argue that the court went beyond the allegations of plaintiff's Amended Complaint in finding that plaintiff presented sufficient evidence to create a genuine issue of fact on the objectively serious harm component of his Eighth Amendment claim in that plaintiff alleged

only that defendants did not provide him with hygiene items for six months, not that he did not have these items for six months. Defendants contend that plaintiff testified that he procured a toothbrush and toothpaste from other offenders in exchange for other goods and services. Defendants cite to plaintiff's April 17, 2013 deposition, in which he stated that he had a toothbrush and toothpaste in his cell at that time, and that he had acquired these items through another inmate. (Doc. No. 91-2, p. 40). Defendants' argument is unavailing, as the fact that plaintiff acquired hygiene items from another inmate at a subsequent date is not relevant to the allegations in plaintiff's Amended Complaint.

**B.      Subjective Component**

Defendants next argue that the court erred in finding an issue of fact existed as to the subjective component of plaintiff's Eighth Amendment claim that they knew of yet deliberately disregarded an excessive risk to plaintiff's health. Specifically, defendants contend that the court made a mistake of fact in concluding that the Medical Defendants had discretion to provide dental hygiene items.

To prove his Eighth Amendment claim, plaintiff must show that the Medical Defendants had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994). The subjective inquiry in conditions of confinement claims is whether the prison officials were deliberately indifferent to a serious risk of harm to the inmate. Farmer, 511 U.S. at 834.

In their Motion for Summary Judgment, the Medical Defendants argued that plaintiff failed to produce any evidence that the Medical Defendants knew plaintiff was entitled to the hygiene items but intentionally disregarded a known risk to his health. The Medical Defendants claimed that the undisputed evidence established that the Dental Department does not supply

basic hygiene items, like toothpaste, to offenders.

The court noted that the undisputed facts reveal that plaintiff requested hygiene items from Defendant Taylor on two occasions and Defendant Taylor denied plaintiff's requests on the basis that the Dental Department does not give out hygiene items. Plaintiff testified that he subsequently wrote to Defendant Jones requesting the items, and Defendant Taylor responded to the letter. The court noted that Defendant Taylor's March 29, 2012 memo in response to plaintiff's request for hygiene items stated that the Dental Department does not supply toothpaste to offenders and further stated as follows:

> I have also contacted the canteen to see how your money was being spent. I was informed that you receive a state tip of $7.50 per month. In lieu of spending your money on toiletries, it is being spent on filing fees. Unfortunately I cannot assist you with this matter. You have made a decision about the manner in which you are spending your money.

(Doc. No. 130, p. 20).

The court found that Defendant Taylor's statements imply that she had the discretion to provide dental hygiene items to plaintiff but chose not to due to the method in which plaintiff was spending his funds. (Id.). The court further found that, because Defendant Taylor stated that she had discussed plaintiff's request with Defendant Jones, it is implied that Defendant Jones participated in this decision and also had the discretion to provide dental hygiene matters if he chose to do so. (Id.). The undersigned concluded that Defendant Taylor's memorandum creates a genuine issue of fact from which a reasonably jury could conclude that Defendants Taylor and Jones deprived plaintiff of his constitutional rights by failing to provide dental hygiene items, thereby disregarding a known risk to his health.

The Medical Defendants contend that the court should correct its mistake of fact in

concluding that the Medical Defendants had discretion to provide dental hygiene items. The Medical Defendants argue that there is significant uncontradicted evidence that the Medical Defendants did not have any control or responsibility for the particular act which allegedly deprived plaintiff of his constitutionally protected right.

After further review of the record and the parties' briefs, the court finds the Medical Defendants' argument persuasive. It is undisputed that the Dental Department does not provide hygiene items to prisoners and that it does not have such items in its possession. "Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on." Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). See also Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005).

In Spruill, the principle of the division of labor within a prison was cited in support of the proposition that a non-medical official will not generally be liable in a case where a prisoner was under a physician's care.[1] See id. Although in this case, unlike Spruill, the medical personnel did not have the duty to provide dental hygiene items to inmates, the same concept regarding the division of labor within a prison is applicable. Defendants Taylor and Jones were part of the Dental Department and were not responsible for providing hygiene items to inmates. The undersigned could find no precedent for the imposition of a duty on the part of medical staff to provide non-medical items typically provided by other, non-medical prison officials. While the court found that the MDOC Defendants were obligated to provide hygiene items to plaintiff,

---

[1]The plaintiff in Spruill suffered from a serious back condition that required significant and continuous medication and which caused him excruciating pain. The plaintiff collapsed due to back pain on multiple occasions, exposing him to injury. He sought to hold non-medical prison officials liable for deliberate difference when he was being treated by medical officials. 372 F.3d at 236.

Defendants Taylor and Jones did not have a similar duty to provide these items to plaintiff. The fact that Defendant Taylor indicated in her memo to plaintiff that she had checked plaintiff's account to see how his money was being spent does not create a duty to provide hygiene items to plaintiff where such a duty did not otherwise exist.

Thus, to the extent the court found that Defendant Taylor's statements in her memorandum imply that she had the discretion to provide dental hygiene items to plaintiff and that she was under a legal obligation to provide these items, the court erred. (Id.). Imposing such a duty on Defendant Jones, when he had no direct communication with plaintiff, is even more tenuous and thus erroneous. Plaintiff has therefore failed to demonstrate the presence of a genuine issue of fact from which a reasonable jury could conclude that Defendants Taylor and Jones deprived plaintiff of his constitutional rights by failing to provide dental hygiene items, thereby disregarding a known risk to his health. Consequently, the court will grant the Medical Defendants' Motion for Summary Judgment.

The court hereby amends its September 30, 2013 Memorandum and Order and grants in part, and denies, in part, defendants' joint motion for reconsideration.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration (Doc. No. 133) be and it is **denied**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Join Defendants' Jones and Taylor's Motion to Reconsider (Doc. No. 136) be and it is **granted**.

**IT IS FURTHER ORDERED** that defendants' joint motion for reconsideration (Doc. No. 135) be **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that the Medical Defendants' Motion for Summary Judgment (Doc. No. 93) be and it is **granted**. An Amended Summary Judgment will be entered on this date.

Dated this 19th day of February, 2014.

*Lewis M. Blanton*

LEWIS. M. BLANTON
UNITED STATES MAGISTRATE JUDGE